UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LAURA B. DANIELS, | |
| | NO. 2:10-cv-2332 FCD KJN |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, and Does 1-50, inclusive, | |
| Defendants. | |

----oo0oo----

This matter is before the court on the motion of the Law Offices of Randal M. Barnum ("counsel"), to withdraw as counsel of record for plaintiff Laura B. Daniels ("Daniels" or "plaintiff"). Counsel brings this motion on the grounds that plaintiff is in breach of her fee agreement. Defendant does not oppose the motion. Plaintiff did not file an opposition to the motion.

Local Rule 182(d) provides that attorneys may not withdraw from an action in which they have appeared, leaving the client in propria persona, without leave of the court upon noticed motion

1

and notice to the client and all other parties who have appeared. The Local Rule incorporates the requirements for withdrawal and the Rules of Professional Conduct of the State Bar of California. The Rules of Professional Conduct of the State Bar of California provide in pertinent part:

> A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.

California Rules of Professional Conduct, Rule 3-700(A)(2).

Pursuant to California Rules of Professional Conduct, Rule 3-700(C), withdrawal is permitted in certain specified circumstances. Specifically, Rule 3-700(C)(1)(f) permits withdrawal where the client breaches an agreement or obligation to the attorney as to expenses or fees. Moreover, Rule 3-700(C)(1)(d) permits withdrawal where the client's conduct renders it unreasonably difficult for the attorney to carry out the employment effectively.

Counsel has complied with the requirements of Local Rule 182(d) by notifying plaintiff by email on January 10, 2011 that plaintiff should substitute counsel and that a motion to withdraw would be filed; plaintiff acknowledged receipt of this email. (Decl. of Elizabeth J. Boca in Supp. of Mot. to Withdraw ("Boca Decl."), filed Jan. 14, 2011, ¶ 5.) Counsel personally served plaintiff with the motion on January 14, 2011. (Id.) Counsel also provided the court with plaintiff's current or last known address.

Counsel also represents that withdrawal is permitted under

2

1  the California Rules of Professional Conduct.  Specifically,
2  counsel submits that plaintiff has been in breach of her fee
3  agreement since December 15, 2010, and has not cured such breach
4  despite warning that failure to do so would result in a motion to
5  withdraw as counsel.  (Id. ¶ 2.)  Counsel also submits the
6  plaintiff's conduct renders it unreasonably difficult for counsel
7  to carry out employment effectively.  (Id. ¶ 3.)

8       Accordingly, based upon the materials submitted by counsel,
9  the motion to withdraw as attorney of record is GRANTED.  Counsel
10 shall comply with the requirements of California Rules of
11 Professional Conduct, Rule 3-700(D).  Plaintiff Laura B. Daniels
12 is substituted in propria persona.  Pursuant to Local Rule
13 302(c)(21), this case is hereby referred to the assigned
14 Magistrate Judge, Kendall J. Newman, for case management and
15 recommendation(s) to the District Court Judge.  All current dates
16 are vacated.[1]  Parties are to contact Matt Caspar at 916-930-4187
17 with regard to further case management.

18       IT IS SO ORDERED.
19 DATED: February 7, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] In its statement of non-opposition, defendant requests modification of the pretrial scheduling order.  Any concerns regarding case management should be brought to the attention of Judge Newmann.

3